UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
Chukwuma Azubuko, *pro se*,

            Plaintiff,

      -against-                **SUMMARY ORDER**
                                       08-CV-00328(DLI)(LB)

Boston's Police Officer, #11695,

            Defendant,
---------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

By motion dated May 20, 2008, *pro se* plaintiff Chukwuma Azubuko filed an application for reconsideration and/or appeal from an order issued by United States Magistrate Judge Lois Bloom on January 25, 2008 properly transferring this action to the United States District Court for the District of Massachusetts, in clear defiance of the order issued by Judge Bloom on February 12, 2008 forbidding plaintiff from filing any more documents in this district. For this and the reasons set forth below, plaintiff's motion is denied in its entirety. Moreover, the court affirms the February 12, 2008 order forbidding plaintiff from filing further documents in this District as well as the January 25, 2008 order transferring this matter to the District of Massachusetts. This matter was properly transferred pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

Motions for reconsideration are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In addition,

the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *In re New York Cmty. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007) (citation omitted). Reconsideration is, furthermore, justified on the following grounds: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

However, a court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, reconsideration motions should not be granted where the moving party seeks solely to re-litigate an issue already decided. *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (finding that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). In the interests of finality, Local Civil Rule 6.3 requires that "[a] notice of motion for reconsideration . . . be served within ten (10) days after the entry of the court's determination of the original motion."

Plaintiff's application for reconsideration is untimely. The court issued the challenged order on January 25, 2008, and plaintiff did not file his reconsideration papers until March 20, 2008, well beyond the ten-day deadline imposed under Local Civil Rule 6.3. Furthermore, plaintiff has not identified any points or controlling decisions the court overlooked; nor has he cited any intervening change in the applicable law, submitted new evidence, or demonstrated a need to correct a clear error or prevent manifest injustice. *See Shrader*, 70 F.3d 257, *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. In effect, plaintiff merely seeks to relitigate points made in his original objection to the transfer order filed February 7, 2008 and denied February 12, 2008, which he is not permitted to do. *See In re*

*Houbigant, Inc.*, 914 F. Supp. at 1001.

Accordingly, the court denies plaintiff's motion for reconsideration as untimely and without merit, and affirms the transfer order issued by Judge Bloom on January 25, 2008. The court also admonishes plaintiff not to file any more documents in this District and affirms the order issued by Judge Bloom on February 12, 2008 forbidding plaintiff from so doing, as this matter is now properly pending in the District of Massachusetts.

SO ORDERED.

Dated: Brooklyn, NY
      June 26, 2008

                                              _____/s/_____
                                              DORA L. IRIZARRY
                                         United States District Judge